Dear Honorable McCaleb,
The Attorney General is in receipt of your letter of May 7, 1979, which you ask, in substance, the following questions:
1. Does the confidentiality described in 74 O.S. 1410(d) (1971) attachto information which has previously been published or electronicallybroadcast by members of the news media?
 2. Do the penal provisions of 74 O.S. 1410(e) (1971) apply solelyto members of the Joint Legislative Ethics Committee?
The statutory references above are a part of the Oklahoma Code of Ethics for State officials and Employees (hereafter the "Ethics Code), codified as 74 O.S. 1401[74-1401] et seq. (1971).
Among the duties assigned by the Ethics Code is the duty of a member of the Joint Legislative Ethics Committee (hereafter the "Ethics Committee") to recognize and maintain the confidential character of communications made with respect to complaints made concerning a member of the Legislature in 74 O.S. 1410(d), quoted as follows:
 (d) Any complaint filed with the Committee shall be deemed confidential, until such time as the Committee has held a meeting for the purpose of investigating the complaint and said complaint shall remain confidential if the Committee seeks further information thereon, and if the Committee at the conclusion of its preliminary investigation concludes that said complaint was false and groundless the matter shall be closed. However, if the Committee feels that further inquiry is necessary, it may proceed in the manner set out in this act.
Your first question presupposes the fact that a Legislator acquired information from a third party, incorporated such information as the substance of an ethics complaint and caused the complaint to be filed. As indicated in Attorney General Opinion No. 79-159, the complaint acquires a confidentiality at the time of filing and it appears to be immaterial to the confidential character imposed on the complaint by statute whether the information contained in the complaint was personally acquired or originated with third parties. It is the complaint and the substance contained therein that is confidential and such confidentiality cannot be waived merely by reason that others may have knowledge of the acts of which complaint is made.
Responding to your second question, the language of the statute is clear in its application, that is, the penal provisions contained within 74 O.S. 1410(e) (1971) apply solely to members of the Joint Legislative Ethics Committee to whom is entrusted for preliminary disposition the substance of the complaint.
It is, therefore, the opinion of the Attorney General that:
 1. The penalties for unauthorized release of confidential informationconcerning an ethics complaint described in 74 O.S. 1410(e) (1971) applyonly to members of the Joint Legislative Ethics Committee;
 2. The contents of an ethics complaint filed with the Joint LegislativeEthics Committee becomes, at the time of filing, confidentialnotwithstanding that the information contained in the complaint may havebeen obtained from third parties.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
MANVILLE T. BUFORD, ASSISTANT ATTORNEY GENERAL CHIEF, CIVIL DIVISION